## H. F. CRADDOCK v. ALBERT BURLESON ET AL.

### Decided May 25, 1899.

**1.  Limitations—Color of Title.**
A written agreement made pending a suit for real estate whereby the defendants agreed to pay a certain sum for a conveyance to them of plaintiffs' interest in the land, or else to remove from the land and surrender the possession, is not sufficient to constitute color of title.

**2.  Homestead—Right Lost at Wife's Death.**
Land inherited by a woman from her husband, and which was their homestead, will not be held her homestead at the time of her death where at such time she was living and for two years had been living elsewhere with a subsequent husband, and her grown children, having families of their own, were living on the land.

APPEAL from Houston. Tried below before Hon. W. H. GILL.

*Moore & Kline,* for appellant.

*Nunn & Nunn,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought in the District Court of Houston County, February 21, 1898, by the appellant, H. F. Craddock, against Albert Burleson and his wife, for the recovery of the undivided one-half interest in the Sam Payne homestead pre-emption 160 acres, situated in Houston County. The land was patented to Sam Payne on the 2d day of January, 1877. He afterwards married Mary McCelvey in November, 1877, and they lived upon

the land until Sam Payne died, in 1887. The land was the separate property of Sam Payne, but he left no children surviving him, and his widow, Mary Payne, inherited one-half thereof from him, which is that in controversy. The other half was inherited by his sister, the appellee, Mary Burleson, the wife of Albert Burleson. Mary Payne afterwards lived upon the land until she married one Alf Stanton, when she moved off and lived with him, and died February 9, 1894. She left two sons surviving her, Henry Wynne and Billy McCelvey, born prior to her marriage to Sam Payne, who, at the time of her death, were grown men, married, and with families of their own. When Mary Payne moved off the land in controversy she left her sons in possession thereof. At her death no person survived as a constituent of her family except her husband, Alf Stanton. Mary Burleson then claimed in her own right as heir of Sam Payne the entire tract and brought suit therefor on February 14, 1894, against Wynne and McCelvey, who were in possession thereof. The defendants in that suit, Wynne and McCelvey, entered into an agreement with the plaintiffs therein, Mary Burleson and her husband, and their attorney, as follows:

"This is to make known that Henry Wynne and William McCelvey, defendants in suit in District Court of Houston County, State of Texas, wherein Mary and Albert Burleson are plaintiffs and we are defendants, involving title to 160 acres of land, the same patented to Sam Payne and situated about five miles southeast from the town of Crockett and about three-quarters of a mile from Pennington road, on south side of said road, it being the same place heretofore occupied by Sam Payne and his wife, Mary Payne, and now the property of Mary Burleson; and further, it being understood and agreed that Mary Burleson and Albert Burleson have heretofore conveyed to D. A. Nunn one undivided half interest in said property as attorney's fee for prosecuting said suit. Now we agree to pay the cost of said suit, the plaintiffs agree to dismiss the same; also we agree to pay D. A. Nunn $100 in his office in the town of Crockett on or before November 1, 1894, when he agrees to convey to us all of his interest in said land, when partition will be made between us and Mary Burleson, she to have one-half and we to have the other half of said land, to be equal in value; and it is further agreed that we are to be tenants on said land under Mary Burleson and D. A. Nunn for the year of 1894; and if we fail to make payment of the $100 aforesaid to D. A. Nunn as stipulated, then we agree to move off and vacate the said land and surrender said land to Mary Burleson and D. A. Nunn. It is further agreed that we are to pay no rents for the year 1894, and that we will be allowed the free use of the said land for the year of 1894, but we agree to protect the premises and prevent waste of the same.

"February 24, 1894.

(Signed)   "HENRY WYNNE,<br>"WM. McCELVEY."

Wynne and McCelvey failed to pay the money as agreed, and afterwards, on March 5, 1895, judgment by default was rendered against them in favor of Mary Burleson and her husband for the land.

The appellant claimed the land in controversy by virtue of an administrator's sale thereof in the estate of Mary Stanton, deceased. When Mary Stanton died she owed a note to H. W. Moore for the sum of $210, due November 1, 1894. Moore applied for and obtained letters of administration on her estate in October, 1895, and on the 23d day of October, 1895, verified his claim, and afterwards, on November 4, 1895, filed it with the clerk of the County Court. It was probated and approved by the county judge November 18, 1895. The land was sold by order of the court in the administration of the estate, and the appellant H. F. Craddock became the purchaser thereof, with an understanding between him and the administrator, Moore, that he was to convey the same to Moore on the payment to him by Moore of certain money which Moore owed him. The sale was duly confirmed and deed executed to appellant. The appellee claimed title to the land by limitation of three years. When Mary Stanton died her sons, Wynne and McCelvey, were in possession of the land, and remained in possession thereof after the suit of Mary Burleson against them as her tenants until 1896, when they left the land and it was rented by the appellees to another tenant, and appellees held it by tenants until this suit was instituted, May 24, 1898.

Upon the death of Sam Payne without issue his widow, Mary Payne, inherited from him an undivided one-half of the survey. His sister, the appellee, Mary Burleson, inherited the remaining portion thereof, and at the death of Mary Stanton, formerly Mary Payne, the title to the land inherited by her vested in her sons, Wynne and McCelvey, subject to administration for the payment of her debts, unless it was her homestead at the time, and there was a surviving member of her family who could claim a homestead interest therein. The proceedings and suit against Wynne and McCelvey by Mary Burleson and her husband for the recovery of the land in her own right and the agreement copied above and the judgment in favor of the appellees do not constitute color of title so as to enable the appellees to prescribe under the statute of three years limitation. The agreement of Wynne and McCelvey relied on to show color of title in Mary Burleson for the undivided one-half of the land belonging to the estate of their mother was that they agreed to buy one-half of the tract from D. A. Nunn, to whom Mary Burleson and her husband had conveyed it, and in case of default to move off and vacate the land and surrender it to Mary Burleson and D. A. Nunn. They did not undertake to convey any title they had to the land, nor did they derive any title by the instrument from them. The agreement was not such a memorial or muniment of title as would constitute color.

Appellees contend, however, that the judgment of the court below must be affirmed, although they may have failed to show title by limi-

tation, because the land was the homestead of Mary Stanton at the time of her death, for the reason that, being her homestead, it descended to her sons instead of becoming subject to administration in favor of creditors.   There is no evidence in the record tending to show that the land was occupied, claimed, or used by Mary Stanton at the time of her death as a homestead.   When she died her sons had been in possession of it for two or three years by their mother's permission, and she was living elsewhere with her husband, who himself never lived upon the land and does not appear to have ever asserted any right therein.

We conclude that the land was not the homestead of Mary Stanton at the time of her death, but even if it should be conceded that she had never abandoned the land as a homestead, she left no one surviving her to preserve its homestead character and keep it from being subject to administration for her debts.   Her sons were of age and married, and heads of families themselves, and the husband who survived her never lived upon the land and has never asserted any claim to it, and it must be inferred from the evidence that he had a homestead of his own.   If, at the time of her death, Mary Stanton left no one surviving her entitled to claim a right of homestead in the land, it became subject to administration.   It is our opinion that the land was subject to administration, and that by the proceedings in the estate of Mary Stanton the appellant acquired title, good, at least, on collateral attack.   The judgment of the court below awarding the land to appellees was erroneous and will be reversed.   Judgment will be rendered here in favor of the appellant for the undivided one-half sued for and for partition, and the cause will be remanded to the District Court for the purpose of making partition.

*Reversed and rendered as to title.*
*Remanded for partition.*

### ON MOTION FOR REHEARING.

In copying into the opinion the agreement relied on by appellees to show color of title in support of the statute of three years limitation, a material part of it was inadvertently omitted.   The omitted part is as follows:   "Therefore we agree to give up and surrender the said property to Mary Burleson."   It immediately precedes the sentence commencing: "And further, it being understood and agreed that Mary Burleson and Albert Burleson have heretofore conveyed to D. A. Nunn," etc.   The omission occurred in the copy in appellant's brief from which the copy in the opinion was made.   The motion for a rehearing is overruled.

*Overruled.*

Writ of error refused.